UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JEFFREY D. PARNASS,                              :

                Plaintiff,           :

                v.                         :                **ORDER**

BRITISH AIRWAYS PLC,                            :
                                              19-CV-4555 (PAE) (KNF)

                Defendant.         :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      By a letter, dated February 18, 2020, the plaintiff seeks to compel the defendant to respond to his: (1) October 31, 2019 request for the names of and contact information for the flight attendants aboard the flight at issue in this action and persons "identified on documents BA78-87"; (2) request for "the name and contact information of the passenger who was seated to my right"; (3) request for information regarding the defendant's "defense under Section 21 of the [Montreal] Convention"; (4) "information related to complaints or litigations made by third parties with regard to injuries or complaints made by third parties about broken footrest aboard Boeing 777 aircraft over the last 10 years"; and (5) "information regarding any passenger injuries that occurred in Seat 13J, the seat in which I was seated." Docket Entry No. 15.

      *Defendant's Witnesses*

      In the February 21, 2020 response to the plaintiff's letter, the defendant contends that it produced "the names of cabin crewmembers who worked on board the subject flight." Docket Entry No. 16. The plaintiff's request for the names of and contact information for the flight attendants aboard the flight at issue in this action appears to be moot. However, the defendant does not contend in its February 21,2020 letter that it produced to the plaintiff the names of and

1

contact information for the persons "identified on documents BA78-87." Thus, on or before March 16, 2020, the defendant must produce to the plaintiff the names of and contact information for the persons "identified on documents BA78-87."

*Non-Party Witness*

At the February 4, 2020 conference, the Court directed the defendant to submit legal authority supporting a proposition that a European Union parliamentary document trumps the Federal Rules of Civil Procedure. In its February 21, 2020 letter, the defendant asserts that "European Directive 46/95/EC, dated October 24, 1995 . . . bars the processing and disclosure of personal data unless the data subject has consented or there is another statutory justification, and restricts the transfer of personal data to counties without data protection laws similar to those in the European Union." Apart from the fact that no "European Directive 46/95/EC, dated October 24, 1995" exists, the defendant failed to identify any: (a) part of the "European Directive 46/95/EC, dated October 24, 1995" that supports its contention; (b) part of "Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995," the defendant likely meant to invoke, that supports its contention; and (c) legal authority supporting the proposition that a European Union parliamentary document trumps the Federal Rules of Civil Procedure. Moreover, the defendant failed to explain the legal relevance, if any, of a directive of the European Parliament to its member states to the laws and the Federal Rules of Civil Procedure governing this action. Thus, on or before March 16, 2020, the defendant must produce to the plaintiff the name and contact information "for the passenger who was seated to my right," as requested by the plaintiff.

*Information Concerning Negligence Under Article 21 of the Montreal Convention*

As it appears that the defendant will be asserting limitation of liability under Article 21 of the Montreal Convention, the plaintiff's requests, identified in paragraph No. 2 of his February 3, 2020 letter, see Docket Entry No. 15 (Exhibit B), are relevant. However, paragraph Nos. 2a and 2b of the plaintiff's February 3, 20-20 letter shall be limited to the aircraft at issue and paragraph Nos. 2a, 2b and 2c are limited to the period of the past ten years. On or before March 16, 2020, the defendant must respond to the plaintiff's requests, as articulated in paragraph No. 2 of the plaintiff's February 3, 2020 letter with the above limitations.

*Third-Party Problems with Footrests*

The defendant asserts that the plaintiff's request for an order directing "a full email search of BA's records for the past ten years" concerning individual complaints related to footrests is overly broad and "unmanageable," and the defendant "is unable to conduct a deeper search for individuals' complaints relating to footrests." The Court overrules the defendant's objections. The plaintiff's request, as narrowed after the February 4, 2020 conference, is narrowly tailored to the claims and defenses in this action and the defendant failed to provide any details explaining why a narrowly tailored electronic search is "unmanageable" or the defendant is unable to conduct the search. On or before March 23, 2020, the defendant shall: (a) conduct the search as requested by the plaintiff in paragraph C of his February 18, 2020 letter; and (b) produce responsive documents to the plaintiff.

*Seat Map*

In his February 25, 2020 letter, the plaintiff raised an issue concerning the defendant's response for his request for "a seat map of the plane showing which seats were vacant and which were not vacant" on the flight at issue in this action. The defendant did not respond to the

plaintiff's February 25, 2020 letter. The defendant's production of the "map of a generic 777 plane rather than . . . actual seat map from BA's records of the Flight on which I was injured" is not responsive to the plaintiff's request. On or before March 16, 2020, the defendant shall produce the seat map identifying occupied and unoccupied seats on the flight at issue.

Dated: New York, New York
March 4, 2020

SO ORDERED:

*[signature]*

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE