```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JEFFREY D. PARNASS,                     :

                    Plaintiff,          :

          v.                            :
                                                    MEMORANDUM AND ORDER
BRITISH AIRWAYS PLC,                    :
                                                      19-CV-4555 (MKV) (KNF)
                    Defendant.          :
------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Before the Court is the defendant's motion to compel the plaintiff to submit to a physical examination, pursuant to Rule 35 of the Federal Rules of Civil Procedure. The plaintiff opposes the motion.

## DEFENDANT'S CONTENTIONS

The defendant asserts that the plaintiff has placed his medical condition in controversy by alleging that he sustained a physical injury as a result of a condition which existed during a British Airways flight, and good cause exists for a medical examination to determine the existence and extent of his alleged injury. The defendant requests that the plaintiff appear for a physical examination of his left knee by the defendant's medical expert, board-certified surgeon Edward Adler ("Dr. Adler"), on one of the days when Dr. Adler is available and that: (a) "Dr. Adler will perform the examination in accordance with generally accepted methods and practices utilized by orthopedic surgeons who evaluate knee injuries"; (b) during the examination, the plaintiff "will provide Dr. Adler with responses to any queries for information reasonably necessary to enable Dr. Adler to render a full and informed opinion about Plaintiff's alleged injuries, including but not limited to information about Plaintiff's current medical conditions, any

1

preexisting medical conditions, and the facts and circumstances which preceded the alleged subject injury"; and (c) "Plaintiff will submit to reasonably necessary medical testing, such as x-rays or other imaging." In support of its motion, the defendant submitted a declaration by its attorney with "the written statement from Dr. Adler," containing the following text: "To Whom It May Concern: When conducting Independent Medical Exams we do not put our reports into the patients' medical records. Should you have any questions, please contact my office."

## PLAINTIFF'S CONTENTIONS

The plaintiff asserts that he agrees to be examined by Dr. Adler, who is "an orthopedist at Mount Sinai Hospital," but is concerned that: (1) the plaintiff has seen "two doctors in the practice"; and (2) "the office staff is not always so careful with information there." According to the plaintiff, Dr. Adler's statement: (a) "does not clarify which patients (*i.e.*, mine [sic] or other patients or both) are the subject of this letter"; and (b) "does not address at all my second concern of where the report will then be sent." The plaintiff requests "that the Court instruct Defendant's counsel to provide me with a letter clarifying both that the IME [independent medical examination] will not be co-mingled with my records or that of any other patient as well as explaining where the IME will be sent." To the extent that the defendant continues to request, as it did prior to this motion, that the plaintiff's examination by Dr. Adler "be observed" by the defendant's attorney, the plaintiff opposes that request as "not grounded in law" and contrary to Rule 35's requirement that the examination be "independent."

## DEFENDANT'S REPLY

The defendant asserts that the plaintiff refused its offer "to enter into a protective order since the inception of this litigation" and requested "that Defense counsel provide him with a written statement confirming that Defense counsel will maintain Plaintiff's confidentiality with

respect to any documents that Counsel receives," which the defendant did. The defendant contends it would "schedule the examination at a time and date convenient for Plaintiff."

## LEGAL STANDARD

"The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). "The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). "A plaintiff in a negligence action who asserts mental or physical injury, places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." Schlagenhauf v. Holder, 379 U.S. 104, 119, 85 S. Ct. 234, 243 (1964) (citation omitted).

## APPLICATION OF LEGAL STANDARD

This is a negligence action in which the plaintiff placed his medical condition in controversy by alleging that he sustained a physical injury as a result of a condition which existed during the defendant's flight; thus, good cause exists for an examination to determine the existence and extent of the alleged injury. See id. Although the defendant does not request in this motion, as it did prior to the motion, that its attorney be present at Dr. Adler's examination of the plaintiff, to the extent that the defendant continues to press its request and to avoid any ambiguity, the Court finds that granting such a request is not warranted. See Calderon v. Reederei Claus-Peter Offen GmbH & Co., 258 F.R.D. 523, 526 (S.D. Fl. 2009) ("Although there is authority for permitting a third party to be present at a Rule 35 examination, the majority of

federal courts have held that third parties should be excluded absent special circumstances.") (collecting cases).

The plaintiff failed to comply with the requirements of Local Civil Rule 7.1(b) of this court, including the requirement that "an opposing party who seeks relief beyond the denial of the motion shall comply as well with Local Civil Rule 7.1(a)(1)." Notwithstanding this procedural deficiency, the plaintiff's request "that the Court instruct Defendant's counsel to provide me with a letter clarifying both that the IME will not be co-mingled with my records or that of any other patient as well as explaining where the IME will be sent" is rejected as meritless. Dr. Adler's statement and the defendant's written statement provided to the plaintiff confirming that the defendant will maintain the plaintiff's confidentiality in connection with the documents it receives address adequately the plaintiff's privacy concerns.

## CONCLUSION

For the foregoing reasons, the defendant's motion, Docket Entry No. 21, is granted. The plaintiff's examination by Dr. Adler shall be scheduled at the plaintiff's convenience and be completed on or before June 22, 2020. **The Clerk of Court is directed to mail a copy of this Order to the plaintiff.**

Dated: New York, New York
      June 9, 2020                                               SO ORDERED:

                                                                          /s/ Kevin Nathaniel Fox
                                                                          KEVIN NATHANIEL FOX
                                                                          UNITED STATES MAGISTRATE JUDGE